UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CARLO AMATO | Criminal Action 18-561 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on the United States of America's (the "Government") letter motion (the "Motion") requesting that Defendant Carlo Amato ("Amato") turn over the current amount held in his Bureau of Prisons Inmate Trust Account ("BOP Account"). (ECF No. 27.) Amato opposed (ECF No. 29), and submitted additional correspondence urging the Court to deny the Government's Motion (ECF Nos. 31, 32, 33). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1(b), which is applicable to criminal cases under Local Criminal Rule 1.1. For the reasons below, the Court grants the Government's Motion.

This action arises out of Amato's judgment resulting from his guilty plea to a two-count Information for attempt to evade taxes and foreign financial reporting violations. (ECF Nos. 1, 5, 12.) In May 2019, as part of his judgment, the Court ordered Amato to pay a Special Assessment in the amount of $200.00 and restitution in the amount of $524,589.00 (interest waived), for a total of $524,789.00, "due immediately." (J. 1, 7, ECF No. 12.) To date, Amato paid his special assessment in full but still owes $517,877.71 in restitution.

Under 18 U.S.C. § 3613, the Government may enforce the collection of funds from Amato's BOP Account through the following provision:

> The United States may enforce a judgment imposing a fine [or restitution] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law . . . a judgment imposing a fine may be enforced against all property or rights to property of the person fined.

18 U.S.C. § 3613(a). To rebuff the Government's demand, Amato submits three theories as to why the Government may not access his BOP Account to satisfy his owed restitution: (1) no final judgment exists; (2) granting the Government's motion will prevent Amato from utilizing the court system; and (3) Amato's prison wages and money sent to him by family members are exempt from restitution. (ECF No. 29.) These arguments fail.[1]

To start, Amato's judgment is final. He entered into a plea agreement in April 2018, which, among other things, specified his restitution obligation. (ECF No. 5.) Amato was then sentenced in May 2019, in accordance with his plea agreement (ECF No. 11) and the Court subsequently issued a judgment (ECF No. 12). Amato argues that his pending 28 U.S.C. § 2255 motion undermines the finality of his judgment. (Def.'s Opp'n Br. *2, ECF No. 29.)[2] Not so. Amato cites no caselaw or statute that explains why a post-conviction motion to set aside his final judgment renders that judgment void. Second, Amato argues that the Government's levying of funds from his BOP Account will hinder Amato's access to justice because it will hamper his ability to use the state and federal court systems. But § 3613 does not immunize a pool of money from the Government's reach if that money is set aside for legal proceedings. The types of property not subject to enforcement under § 3613 are items like clothes, books, fuel, furniture, unemployment

---

[1] In subsequent correspondence, Amato raises several more arguments, including that the takeover order is moot and, in any event, if entered would violate his (1) "[j]udgment of [c]ommitment," and (2) constitutional rights. (Def.'s Correspondence, ECF No. 31.) The Court finds none of these reasons persuasive.

[2] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

benefits, workers' compensation, certain annuity and pension payments, and certain disability payments. 18 U.S.C. § 3613(a)(1), 26 U.S.C. § 6334(a). The funds in Amato's BOP Account fit none of these exemptions. *See* 26 U.S.C. § 6334(a). In any event, the judicial system has safeguards that allow indigent defendants to avoid court fees. *E.g.*, 28 U.S.C. § 1915. Finally, Amato argues that money originating from his prison wages or gifts from his family are exempt from restitution. As no statute or rule exempts these types of funds from being turned over to the Government, the Court finds no support for this argument.

After considering Amato's submissions, the Court finds no good cause to prevent the Government from levying Amato's BOP Account.

**IT IS THEREFORE**, on this ___11th___ day of August 2022, **ORDERED** as follows:

1. The Government's Motion to Turnover Funds (ECF No. 27) is **GRANTED**.

2. It is **ORDERED** that the BOP remit to the Clerk for the District of New Jersey, 402 East State Street, Room 2020, Trenton, New Jersey 08608, the balance that is currently held in the BOP Inmate Trust Account for the inmate Carlo Amato (Register Number: 71836-050) less $100 that Amato may keep for personal expenses. Those funds shall be applied to Amato's outstanding restitution balance and for distribution to the victim owed restitution. Amato shall be credited with the amount of that payment to his outstanding Restitution Order.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE