NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> CARLO AMATO. | Criminal Action No. 18-561 (MAS) <br><br> MEMORANDUM ORDER |

SHIPP, District Judge

This matter comes before the Court upon Defendant Carlo Amato's ("Amato") Letter Motion for Early Termination of Supervised Release ("Motion") pursuant to 18 U.S.C. § 3583(e). (ECF No. 37.) The United States of America (the "Government") did not e-file a response to the Motion. The Court has considered Amato's Motion under Local Civil Rule 78.1, which applies to criminal cases under Local Criminal Rule 1.1. For the reasons stated below, the Motion is denied.

I.   BACKGROUND

A.   Procedural History

On September 19, 2018, Amato pled guilty to a two-count Information charging him with (1) attempt to evade assessment of income tax, and (2) failure to file a report of foreign banks and financial accounts. (Plea Agreement, ECF No. 5; Minutes of Proceeding, ECF No. 3.) On May 7, 2019, Amato was sentenced to 60 months of imprisonment on each of the two counts, to be served

concurrently, and three years of supervised release with special conditions.[1] (J.) He was also ordered to pay restitution of $524,589. (*Id.*) In reaching its decision, the Court found that Amato had not accepted responsibility for his actions, but nonetheless granted a variance based on his age, health conditions, and prior commendable acts. (Sentencing Tr. 18:9-15, 40:20-47:1, ECF No. 13.)

Thereafter, on May 9, 2019, the Superior Court of New Jersey sentenced Amato to a ten-year prison term with five years of parole ineligibility on one count of money laundering, and a five-year prison term on one count of theft by deception, to be served consecutively. (*See* Letter Op. and Order, ECF No. 24.) The sentencing court ordered that Amato's state sentence run concurrent to his federal sentence. (*Id.*)

On August 24, 2020, Amato filed a motion for compassionate release under the First Step Act based on allegations that the COVID-19 pandemic imposes extraordinary and compelling reasons. (ECF No. 15.) He requested the Court to either: (1) reduce his sentence to time served, or (2) order home confinement for the remainder of his sentence. (*Id.*) The Court denied Amato's motion without prejudice, finding that Amato's underlying conditions did not place him "at significant medical risk" to warrant a sentence reduction. (Letter Op. and Order 3-4.) Moreover, the Court found that Amato "did not adequately address the state court detainer against him" and, in sum, did not meet his burden of demonstrating that there are compelling and extraordinary

---

[1] The following special conditions were ordered: (1) Drug Testing and Treatment; (2) Financial Disclosure; (3) Internal Revenue Service – Cooperation; (4) Mental Health Treatment; (5) New Debt Restrictions; and (6) Self-Employment/Business Disclosure. (J. 3-4, ECF No. 12.)

reasons to justify compassionate release and that the 18 U.S.C. § 3553(a) factors support such a finding. (*Id.* at 5.)

### B.     The Instant Motion

Amato's supervised release commenced on January 9, 2023. (Probation Letter 2.[2]) On January 24, 2024, Amato moved for early termination of supervised release to be implemented on July 9, 2024, when he completes half of his term of supervised release. (Amato's Mot. *1, ECF No. 37.[3])

First, Amato states that he did not receive his First Step Act time credits during his incarceration,[4] and that he completed all programs available to him while incarcerated. (*Id.*) Specifically, Amato maintains that he earned over 600 First Step Act time credits and thus should have received 12 months of jail credits to his sentence. (*Id.*) He argues that "[t]his extended term of imprisonment assured deterrence." (*Id.*)

---

[2]  The Probation Department submitted its response directly to Chambers.

[3]  Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

[4]  "Pursuant to [the First Step] Act, earned time credits can be applied toward earlier placement in prerelease custody (such as residential reentry centers and home confinement) or toward a term of supervised release." *Muraina v. Thompson*, No. 23-92, 2023 WL 3876497, at *1 (M.D. Pa. May 24, 2023) (citations omitted).

Second, Amato states that he has not been able to see his family, including his two young daughters, for over seven years because they reside outside of the United States.[5] (*Id.*) He explains that his wife's permanent green card expired during his incarceration and therefore she faced immigration difficulties "despite being married to an American citizen and having two American born children." (*Id.* at *1-2.) Amato requests that the Court consider that his "family has suffered insurmountable obstacles as a result of the consequences of [his] actions." (*Id.* at *3.)

Finally, Amato avers that he is a first-time offender with no history of drug or alcohol use or violent acts. (*Id.* at *2.) He also states that he volunteers in New Jersey and that he has continued to meet his financial obligations. (*Id.* at *2-3.)

## II.     LEGAL STANDARD

Motions to amend or modify the conditions of supervised release are governed by 18 U.S.C. § 3583(e), which allows the sentencing court to terminate supervised release "at any time after the expiration of one year of supervised release," if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). When reviewing the § 3553(a) factors, the Court need not make specific findings for each factor. *United States v.*

---

[5] On May 31, 2024, the Court approved Amato's request to travel to Malta from July 10, 2024 through July 29, 2024 to visit his wife and children. (ECF No. 39.) The Court also granted all future travel requests subject to the discretion of and recommendation by the Probation Office. (*Id.*)

4

*Melvin*, 978 F.3d 49, 52-53 (2020). The Court need only state that it has considered them. *Id.* at 53.

Although the Third Circuit held that § 3583(e)(1) does not require such a finding of new or unforeseen circumstances, it reasoned that, generally, only when new or unforeseen circumstances warrant it will a sentencing judge grant a motion for early termination of supervised release under § 3583(e)(1). *Id.* The Third Circuit has held "[t]hat is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id.* Importantly, "[d]istrict courts possess broad discretionary authority to modify the terms and conditions of a defendant's supervised release . . . ." *United States v. Wilson*, 707 F.3d 412, 416 (3d Cir. 2013).

### III.   DISCUSSION

The Court has considered the § 3553(a) factors and finds that early termination of supervised release is not warranted here. *See Melvin*, 978 F.3d at 52 ("After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." (citing 18 U.S.C. § 3583(e)(1))).

As an initially matter, "mere compliance with the conditions of supervised release is generally insufficient to support early termination." *United States v. Vasiliades*, No. 96-217, 2022 WL 3701963, at *3 (E.D. Pa. Aug. 25, 2022) (citations omitted). While the Court commends Amato's progress towards living a law-abiding life and fulfilling his financial obligations,

5

compliance with the terms of supervised release is what is expected of probationers, and without more, cannot justify early termination. *See United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) ("[M]ere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination.").

To the extent Amato asserts that his familial circumstances are new and unforeseen, and thus warrant early termination, the Court finds that the argument falls short. While the Court acknowledges Amato's desire to spend time with his family, the Court recently approved Amato's request to travel overseas to see his wife and children, and further granted any future travel requests based on the discretion of and recommendation by the Probation Office. (ECF No. 39.) Otherwise, Amato "does not contend that he was denied leave to travel . . . by his Probation Officer." *United States v. Santoro*, No. 21-76, 2022 WL 37471, at *3 (D.N.J. Jan. 4, 2022) ("[Defendant's] desire to spend time with family, although understandable, is insufficient to terminate his supervision."); *United States v. Hooks*, No. 13-257, 2022 WL 17721036, at *3 (E.D. Pa. Dec. 15, 2022) ("Generally, early termination of supervised release under § 3583(e)(1) will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." (quoting *Melvin*, 978 F.3d at 53).

Finally, the Court finds that the § 3553(a) factors weigh against granting early termination. Amato was sentenced by both a state court and a federal court. (*See* Letter Op. and Order.) Here, early termination would not be in the interest of justice for many of the same reasons for which the Court denied Amato's motion for compassionate release. (Letter Op. and Order.) As such, the

6

Court finds that a holistic review of the § 3553(a) factors weighs against granting early termination.[6]

In sum, the Court finds its initial sentence appropriate and an early termination of supervised release would not be in the interest of justice. As such, Amato's Motion is denied.

IV. **ORDER**

For the foregoing reasons,

**IT IS**, on this __16th__ day of August 2024, **ORDERED** that:

1. Amato's Letter Motion for Early Termination of Supervised Release (ECF No. 37) is **DENIED**.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[6] Amato's argument that he should have received jail credits for his imprisonment sentence is moot. Because Amato completed his imprisonment sentence and is now on supervised release, the argument is not relevant for the purposes of addressing Amato's request for early termination of supervised release via this Motion.

7